**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS BARRETT, | Civil Action No. 15-6245 |
| Plaintiff, | |
| v. | **ORDER** |
| ROBERT HALF CORPORATION, et al., | |
| Defendants. | |

Before the Court is the motion of defendants Robert Half Corporation and Robert Half International, Inc. ("Defendants") to dismiss the Complaint of plaintiff Thomas Barrett ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 4. Plaintiff opposes the motion. ECF No. 6. The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. It appearing that:

1. Plaintiff suffers from severe, chronic pain caused by herniated and bulging discs, for which he was issued a license to use medical marijuana from the State of New Jersey Department of Health on April 8, 2013. See Compl. ¶¶ 8-9. In or about January 2014, Plaintiff commenced employment with Defendants. See id. ¶ 6. He notified Defendants of his disability and license to use marijuana "for the treatment and care of his disability." See id. ¶ 11. On or about September 18, 2014, Plaintiff submitted to a mandatory drug test at Defendants' behest. See id. ¶ 12. On or about September 30, 2014, Defendants notified Plaintiff they were terminating his employment due to a positive test result. See id. ¶ 15.

2. On June 11, 2015, Plaintiff filed a Complaint against Defendants in the Superior Court of New Jersey, which Defendants removed to this Court on August 17, 2015. ECF No.

1

1.  Plaintiff asserts Defendants violated the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 et seq. ("NJLAD"), by failing to accommodate his disability. Compl. ¶¶ 16-18.  Defendants moved to dismiss Plaintiff's Complaint on August 24, 2015 pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 4.

3.  To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  Nevertheless, "[a] pleading that offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted).

4.  To prevail on a failure to accommodate claim under the NJLAD, a plaintiff must plead that: (1) the employer knew about the employee's disability; (2) the employee requested accommodations or assistance for his disability; (3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and (4) the employee could have been reasonably accommodated but for the employer's lack of good faith. Tourtellotte v. Eli Lilly & Co., No. 15-1090, 2016 WL 146455, at *11 (3d Cir. Jan. 13, 2016) (citing Victor v. State, 4 A.3d 126, 145 (N.J. 2010)); see also Bertolotti v. AutoZone, Inc., 132 F. Supp. 3d 590, 601 (D.N.J. 2015) (citing Armstrong v. Burdette

Tomlin Mem. Hosp., 438 F.3d 240, 246 (3d Cir. 2006)).[1]

5.  Plaintiff fails, at minimum, to plead that he requested accommodation for his disability. "While there are no magic words to seek an accommodation," an employee "must make clear that . . . assistance is desired for his or her disability." Tynan v. Vicinage 13 of Superior Court, 798 A.2d 648, 657 (App. Div. 2002) (quoting Jones v. United Parcel Service, 214 F.3d 402, 408 (3d Cir. 2000) (internal quotation marks and alterations omitted)). Plaintiff pleads merely that he "notified" Defendants that he was licensed to use medical marijuana, but does not allege that he requested assistance in connection with his disability. Compl. ¶ 11. This is insufficient to establish a request for accommodation. See Linton v. L'Oreal USA, No. CIV A 06-5080(JLL), 2009 WL 838766, at *6 (D.N.J. Mar. 27, 2009) (rejecting the plaintiff's "constructive notice" theory and finding that "[s]omething more is required of an employee under the NJLAD than merely apprising her employer that she is . . . injured.").[2]

Accordingly,

IT IS on this ~~25~~ day of ~~May~~ , 2016,

ORDERED THAT Defendants' motion to dismiss, ECF No. 4, is GRANTED; and it is

---

[1] To the extent Plaintiff contends that, under Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), he is not required to plead all of the elements of an employment discrimination claim, the Court notes that the Third Circuit has recognized "[t]he demise of Swierkiewicz" in light of the Supreme Court's subsequent decisions in Twombly and Iqbal. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

[2] The Court also notes that many other jurisdictions have rejected claims similar to those Plaintiff advances here. See Garcia v. Tractor Supply Co., No. CV 15-00735 WJ/WPL, 2016 WL 93717, at *2 (D.N.M. Jan. 7, 2016); Steele v. Stallion Rockies Ltd, 106 F. Supp. 3d 1205, 1219 (D. Colo. 2015); Curry v. MillerCoors, Inc., No. 12-CV-02471-JLK, 2013 WL 4494307, at *3 (D. Colo. Aug. 21, 2013); Casias v. Wal-Mart Stores, Inc., 764 F. Supp. 2d 914, 923 (W.D. Mich. 2011); Coats v. Dish Network, LLC, 350 P.3d 849, 85 (Colo. 2015); Ross v. RagingWire Telecommunications, Inc., 174 P.3d 200, 204 (Cal. 2008).

further

**ORDERED THAT** Plaintiff's Complaint is dismissed without prejudice; and it is further

**ORDERED THAT**, to the extent Plaintiff can cure the pleading deficiency by way of

amendment, he shall file an Amended Complaint within thirty (30) days of the date of this Order.

**SO ORDERED.**

_____

**CLAIRE C. CECCHI, U.S.D.J.**